```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/30/2024
```

VIA ECF

September 19, 2024

Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007-1312

Re: *Groq, Inc. v. Groq Health, Inc.*, No. 23-cv-08325-MKV

Dear Judge Vyskocil:

The parties respectfully request that the Court stay all pending deadlines in the case to permit the parties to conclude pending settlement efforts. Alternatively, if the Court prefers, the parties request that the Court extend existing discovery deadlines (ECF No. 45) by 60 days. The parties respectfully suggest that they be permitted to file a joint letter updating the Court on the status of settlement by October 21, 2024 should the case remain pending at that time.

Apart from Defendants' requests for an extension of time to respond to the Complaint,[1] the parties also (i) jointly requested to extend discovery deadlines (ECF No. 44), which the Court granted (ECF No. 45), and (ii) jointly requested to extend discovery deadlines by 90 days (ECF No. 48) which the Court denied (ECF No. 49). No other requests for adjournment or extension of time have been made by either party.

The proposed changes are as follows:

| Event | Existing Date | Proposed New Date |
|---|---|---|
| Parties' Joint Status Report to Court | N/A | October 21, 2024 |
| Interrogatories/RFAs Service Deadline | October 1, 2024 | STAYED or December 2, 2024 |
| Deposition/Discovery Completion Date/Post-Discovery Conference | November 7, 2024 | STAYED or January 6, 2025 |
| Expert Discovery Completion | January 6, 2025 | STAYED Or March 7, 2025 |

---

[1] Defendants Groq Health, Inc. and Dr. Florence Comite requested an extension to respond to the Complaint, which was granted (ECF No. 16), and a subsequent extension to respond to the Complaint, which was also granted (ECF No. 22).

Good cause exists to amend the existing scheduling order. Following a settlement conference before Magistrate Judge Netburn on August 2, 2024, the parties have engaged in active settlement discussions. The parties believe they have made progress toward settlement, and a stay (or a 60-day extension of the existing discovery deadlines, if the Court prefers) would afford the parties sufficient time to finalize any settlement without having to simultaneously conduct depositions, engage in motion practice regarding discovery, and incur substantial expert-discovery related fees and expenses. The parties believe it would be mutually beneficial and efficient to avoid substantial costs, motion practice, and depositions while they conclude their settlement efforts.

The parties are mindful of the Court's prior order denying a discovery extension (ECF No. 49) and the Court's direction to pursue settlement and conduct discovery simultaneously. *See* ECF Nos. 31 and 49. The parties have done so and continue to do so—they have propounded and responded to interrogatories, requests for production, and requests for admission, exchanged at least nine volumes of production, and are prepared to conclude depositions and move forward with expert discovery. The results of the parties' discovery efforts have influenced the parties' current settlement discussions, which have progressed significantly.

The parties have submitted a proposed Revised Scheduling Order if the Court prefers to extend existing deadlines by 60 days rather than stay existing deadlines.

The parties thank the Court for its consideration of this request.

Dated: September 19, 2024

| | |
|---|---|
| Respectfully submitted, | |
| GOODWIN PROCTER LLP | ALLEN OVERY SHEARMAN STERLING US LLP |
| By: /s/ Stefan Mentzer<br>Stefan Mentzer<br>Timothy Keegan<br>Arsh Raince<br>SMentzer@goodwinlaw.com<br>TKeegan@goodwinlaw.com<br>ARaince@goodwinlaw.com<br>Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Telephone: (212) 459 7022<br>Facsimile: (212) 355 3333 | By: /s/ Bijal Vakil<br>Bijal V. Vakil (pro hac vice)<br>Bijal.Vakil@allenovery.com<br>Allen Overy Shearman Sterling US LLP<br>550 High Street<br>Palo Alto, CA 94301<br>Telephone: (650) 388-1703<br>Facsimile: (650) 388-1699 |
| | Bradley Pensyl<br>Bradley.Pensyl@AllenOvery.com<br>Allen Overy Shearman Sterling US LLP<br>1221 6th Ave<br>New York, NY 10020<br>Telephone: (212) 610-6304<br>Facsimile: (212) 610-6399 |
| COUNSEL FOR DEFENDANTS GROQ HEALTH, INC. AND FLORENCE COMITE, M.D. | William K. Wray Jr. (pro hac vice)<br>William.Wray@allenovery.com<br>Allen Overy Shearman Sterling US LLP<br>One Beacon Street<br>Boston, MA 02108<br>Telephone: (650) 388-1714<br>Facsimile: (857) 353 4599 |
| | COUNSEL FOR PLAINTIFF GROQ, INC. |

---

This request is DENIED. As the parties note in this letter, the Court already denied the parties' previous request to extend the discovery deadlines based on the parties' preference not to conduct discovery while attempting to settle this matter [ECF Nos. 48, 49]. This letter does not offer any basis to change that decision. The Court is not staying this case while the parties engage in settlement discussions. The deadline to complete all discovery remains November 7, 2024 [ECF No. 45]. The Court will hold the Post-Discovery Conference, as scheduled, on November 7, 2024 at 10:30 a.m. The parties must file a joint letter and any pre-motion submissions, in accordance with the Court's Individual Rules, one week before the Conference. Failure to comply with these deadlines may result in sanctions, including monetary sanctions; preclusion of claims, defenses, evidence, and motion practice; and the case-terminating sanctions of dismissal/default judgment.

If the parties are able to reach a settlement in principle, they may file a letter to that effect, and the Court will enter an order dismissing the case without prejudice to reopening it within 30 days.

Date: Sept. 30, 2024
New York, New York

*/s/ Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge