UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

GROQ, INC.,

                  Plaintiff,

           -against-

GROQ HEALTH, INC., and FLORENCE D. COMITE, M.D.,

                  Defendants.

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED:   2/9/2026 |

1:23-cv-8325-MKV

ORDER GRANTING IN PART
AND DENYING IN PART
MOTIONS TO SEAL
AND DENYING MOTION
TO FILE SUR-REPLY

MARY KAY VYSKOCIL, United States District Judge:

The parties' motions to seal and redact various submissions in connection with Defendants' motion for summary judgment [ECF Nos. 95, 122, 130] are GRANTED in part and DENIED in part. The parties may maintain their redactions of truly confidential business information that is not germane to the resolution of the motion for summary judgment, such as the specific pricing details of a nonpublic business deal between one of the parties and a non-party [*e.g.*, ECF No. 96 at 8]. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). However, as the Second Circuit has explained, "documents used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons*." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (emphasis in original) (internal quotation marks and citation omitted). The parties' cursory sealing requests, relying on broad assertions of competitive harm, fall far short of carrying their burden to overcome the presumption of public access. *See id.* at 125–26; *Fed. Trade Comm'n v. PepsiCo, Inc.*, No. 25-cv-664 (JMF), 2025 WL 3484835, at *6 (S.D.N.Y. Dec. 4, 2025). Moreover, many of the redactions in the parties' papers are obviously inappropriate, including mere references to the existence of Defendants' app [*e.g.* ECF No. 123 at 30], highly general statements about future business plans

1

[ECF No. 123 at 8, 23], proffered statements of historical fact relevant to the Court's analysis [*e.g.* ECF No. 96 at 14 (citing Ex. 20), 22; ECF No. 123 at 29 (citing ASF ¶¶ 532 – 33), 31 (citing ASF ¶ 404)], and proffered expert evidence [ECF No. 123 at 28; ECF No. 131 at 13–14].  The Court will not maintain such information under seal in resolving the motion for summary judgment.  As such, IT IS HEREBY ORDERED that the parties shall refile all relevant submissions with more narrowly-tailored redactions by February 16, 2026.

IT IS FURTHER ORDERED that Plaintiff's request to file a sur-reply [ECF No. 133] is DENIED in light of Defendants' representation that they are not arguing that the Court cannot consider the Ross Declaration [ECF No. 134].

The Clerk of Court respectfully is requested to terminate docket entries 122, 130, and 133.

**SO ORDERED.**

**Date:  February 9, 2026**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

2